IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| ERLINDA A. PORTILLA, JOSEPH M. PORTILLA, RUDOLPHO D. PORTILLA, JANE L. ARREDONDO, ALBERTO L. ARREDONDO, and GUADALUPE A. RIVERA, | § § § § § § § | |
| Defendants. | § | |

## COMPLAINT IN INTERPLEADER

Plaintiff METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") files this Complaint in Interpleader ("Complaint") and states:

### NATURE OF THE ACTION

1. This is an interpleader action seeking a determination by the Court of the proper beneficiaries of life insurance benefits payable under the Union Carbide Subsidiary Basic Life Insurance Plan ("Plan"), offered under The Dow Chemical Company Group Life Insurance Program (the "Program") as a result of the death of Vicente Lopez Arredondo (hereinafter, "Decedent"). The Plan is a welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461 ("ERISA"). A true and correct copy of relevant portions of the Plan document is attached hereto as Exhibit "A".

1

**PARTIES**

2.      Interpleader Plaintiff MetLife is an insurance company organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in New York.  It is licensed to do business in the State of Texas.

3.      Upon information and belief, Defendant Erlinda A. Portilla ("Erlinda") is the daughter of Decedent and is a resident of Port Lavaca, Texas.  Erlinda may be served with the Summons and this Complaint at her residence located at 313 Tommy Drive, Port Lavaca, Texas 77979.

4.      Upon information and belief, Defendant Joseph M. Portilla ("Joseph") is the grandson of Decedent and is a resident of Port Lavaca, Texas.  Joseph may be served with the Summons and this Complaint at his residence located at 313 Tommy Drive, Port Lavaca, Texas 77979.

5.      Upon information and belief, Defendant Rudolpho D. Portilla ("Rudolpho") is the grandson of Decedent and is a resident of Port Lavaca, Texas.  Joseph may be served with the Summons and this Complaint at his residence located at 313 Tommy Drive, Port Lavaca, Texas 77979.

6.      Upon information and belief, Defendant Jane L. Arredondo ("Jane") is the daughter of Decedent and is a resident of Bloomington, Texas.  Jane may be served with the Summons and this Complaint through her attorney, Craig A. Langford, II, at 111 S. Main Street, Victoria, Texas 77902.

7.      Upon information and belief, Defendant Alberto L. Arredondo ("Alberto") is the son of Decedent and is a resident of Port Lavaca, Texas.  Alberto may be served with the

Summons and this Complaint at his residence located at 8 Las Brisas Place, Port Lavaca, Texas 77979.

8. Upon information and belief, Defendant Guadalupe A. Rivera ("Guadalupe") is the daughter of Decedent. Guadalupe may be served with the Summons and this Complaint through her attorney, Craig A. Langford, II, at 111 S. Main Street, Victoria, Texas 77902.

### JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

10. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) in that one or more of the defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

### FACTUAL BACKGROUND

11. Decedent was a retiree of Union Carbide ("UCC"), a subsidiary of The Dow Chemical Company ("Dow"), and a participant in the Plan. The life insurance benefits payable under the Plan are funded by a group life insurance policy issued by MetLife to Dow. A true and correct copy of relevant portions of the Plan document is attached hereto as Exhibit "A".

12. The Plan document states the following as to designating a beneficiary or beneficiaries:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to Us using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to Us within 30 days of the date You Sign such request.

*See* Exhibit "A" at p. 96.

13. The most recent beneficiary designation on file is dated April 4, 2017 and names the primary beneficiaries as follows:

|          |     |
|----------|-----|
| Erlinda  | 50% |
| Joseph   | 25% |
| Rudolpho | 25% |

A true and correct copy of the April 4, 2017 Beneficiary Designation is attached hereto as Exhibit "B".[1]

14. Decedent died on May 15, 2018.

15. At the time of his death, Decedent was enrolled under the Plan for $14,400 in Basic Life insurance coverage (the "Plan Benefits").

16. Shortly after Decedent's death, Jane contacted MetLife about the Plan Benefits. MetLife advised her that she was not a named beneficiary on the most recent beneficiary designation. Jane stated that there was a 2005 Designation that named her. Upon making an inquiry to Dow, MetLife received a February 11, 2005 Designation from Dow naming Decedent's four children, Erlinda, Jane, Alberto and Guadalupe as the beneficiaries in equal percentages of 25% each. A true and correct copy of the 2005 Beneficiary Designation is attached hereto as Exhibit "C".

17. Subsequently, MetLife received letters from Jane, Alberto and Guadalupe stating that the 2017 Beneficiary Designation was fraudulently made. True and correct copies of these letters are attached hereto as Exhibit "D". MetLife also received a letter from an attorney for Jane and Guadalupe stating that Erlinda abused the powers granted to her in a Power of Attorney

---

[1] Confidential information has been redacted from the Exhibits attached to this Complaint.

executed by Decedent and that Erlinda wrongly changed the Beneficiary Designation. A true and correct copy of the attorney letter is attached hereto as Exhibit "E".

18.  In a letter dated November 19, 2018, MetLife advised Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave the Defendants an opportunity to resolve their disputes in order to preserve the Plan Benefits from litigation costs and fees, but on information and belief, no agreement could be reached.  A true and correct copy of the November 19, 2018 letter is attached hereto as Exhibit "F".

19.  Also, in the November 19, 2018 letter to Defendants, MetLife explained that Erlinda was named as a beneficiary in both Designations: in one as a 50% beneficiary and in the other as a 25% beneficiary. Consequently, it was undisputed that Erlinda was entitled to at least 25% of the Plan Benefits. Accordingly, MetLife paid Erlinda $3,600 of the Plan Benefits, leaving $10,800 in dispute ("Remaining Plan Benefits").

**REQUEST TO INTERPLEAD THE REMAINING PLAN BENEFITS INTO THE COURT'S REGISTRY**

20.  MetLife incorporates paragraphs 1 through 19 by reference as if fully set forth herein.

21.  This action involves competing claims to the Remaining Plan Benefits.

22.  In light of the contested facts, MetLife cannot determine the proper beneficiaries of the Remaining Plan Benefits without risking exposure of itself, the Plan, the Program, Dow and UCC to multiple liabilities.

23. As a mere stakeholder, MetLife makes no claim to the Remaining Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this Court determine to whom the Remaining Plan Benefits should be paid.

24. MetLife is ready, willing, and able to pay the Remaining Plan Benefits as ordered by the Court. MetLife seeks to deposit into the registry of the Court the Remaining Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the judgment of this Court.

WHEREFORE, Plaintiff Metropolitan Life Insurance Company requests that the Court:

(i) Restrain and enjoin the Defendants from instituting any action or proceeding in any state or United States court against MetLife, the Plan, the Program, UCC or Dow for recovery of the Plan Benefits plus any applicable interest, by reason of the death of Decedent;

(ii) Require that Defendants litigate or settle and adjust between themselves their claim for the Remaining Plan Benefits, or upon their failure to do so, that this Court determine to whom the Remaining Plan Benefits, plus any applicable interest should be paid;

(iii) Permit MetLife to pay into the registry of the court the Remaining Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with prejudice from this action, and discharge MetLife, the Plan, the Program, UCC and Dow from any further liability for the Plan Benefits and under the Plan; and

(iv) Award such other and further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted,

*/s/ Linda G. Moore*
Linda G. Moore
Texas Bar No. 14359500
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: 214-599-4000
Fax: 214-599-4099
lmoore@estesthornecarr.com

ATTORNEY FOR PLAINTIFF
METROPOLITAN LIFE INSURANCE
COMPANY